HARDY, Justice.
This is a concursus proceeding filed by J. G. Madden under which he deposited in the Registry of the Twenty-Sixth Judicial District Court in and for Webster Parish the sum of $919.25 and prayed that the conflicting claims of Cline S. Thompson and Walter M. Johnston, to the amount deposited, be adjudicated by the court. After trial there was judgment in favor of Walter M. Johnston decreeing that the sum deposited in the registry of the court be paid to him; that the costs of court be deducted from the fund on deposit, and, additionally, there was judgment in favor of Johnston and against Thompson for the costs of suit. From this judgment Thompson has appealed.
Under a contract with the Louisiana Department of Highways J. G. Madden undertook certain construction work on the Cotton Valley-Leton State Highway in Webster Parish, a portion of which work Madden let out to Cline S. Thompson as a subcontractor. In the execution of his subcontract Thompson purchased gravel from property owned by Walter M. Johnston amounting to a total of 13,215 yards. Johnston claimed $919.25 as the balance due for gravel removed from his property and used by Thompson in the execution of his subcontract. Thompson, admitting an indebtedness in favor of Johnston in the sum of $258.50, claimed $660.75 out of the amount deposited in the registry of the court.
The determination of the rights of the rival claimants to the fund deposited in court hinges, and must be resolved entirely, upon the agreement as to the price of the gravel used. Johnston contends that he was to receive 15 cents per yard, while Thompson insists that the agreement fixed a price of 10 cents per yard.
Thompson and Johnston entered into a written agreement of lease, which was introduced in evidence and which specified the price to be paid for the gravel at 10 cents per cubic yard. However, it is contended by Johnston that at the time he signed the document, together with his wife and Thompson, the space provided for the fixing of the price per cubic yard was left blank and the amount fixed in the lease, as it appeared when offered in evidence, was typed in at a later date. On the other hand, Thompson testified that the figure “10” was written in the document by pencil and later typed. The diametrically opposed contentions of Johnston and Thompson on this point cannot be reconciled.
It was established on trial that sometime in March, 1956, Thompson forwarded a check for $370 to Johnston to apply on payment for gravel removed from Johnston’s land and used by Thompson up to *252 that time. There was some misunderstanding between the parties as to the payment, and, on March 19, 1956, Johnston and Thompson visited the office of the Department of Highways engineer where the amount of gravel taken from Johnston’s land up to date of March, 1956, was computed. It was determined that 4,420 yards of gravel had been removed and used, whereupon Thompson destroyed the $370 check and delivered another check in the sum of $663 to Johnston. It is the contention of Thompson that this check was intended to cover the amount of gravel used to date and an advance on future removal and use of gravel, whereas Johnston denies this contention and claims that the payment of $663 was made and accepted in payment for the 4,420 yards of gravel removed from his land. It is significant that the price of 15 cents which was claimed by Johnston, figured upon the removal of 4,420 yards, amounts to' the exact sum of $663. We think, as did the trial judge, that this circumstance is conclusive in substantiating Johnston’s claim.
Following conclusion of the trial of this case a plea of estoppel was filed on behalf of Johnston, predicated upon the proposition that the payment of March 19th served to fix the price at 15 cents per yard, as a consequence of which Thompson was es-topped from contending for recognition of the lower price of 10 cents per yard. The exception was referred to the merits. It is noted that one of the errors urged by counsel for Thompson in brief before this court is that the plea of estoppel is without merit. We find it unnecessary to pass upon this point, inasmuch as the written opinion of the district judge makes it clear that the plea of estoppel was not considered by the court in reaching a conclusion and that the case was tried entirely upon the merits.
We find no error in the conclusion reached by the district judge and it follows that the judgment should be affirmed.
It was noted in the opinion of the district judge that some question was raised as to the taxing of costs. This point is specifically covered in the statute relating to concursus proceedings, and it is provided in LSA-R.S. 13:4816:
“The applicant depositing the money shall not be required to pay any costs in the proceedings. All of the costs of all parties plaintiffs, defendants, interveners or otherwise, to the suit, shall be paid out of the funds deposited, with preference and priority over any and all persons. However, the successful litigant for the funds deposited, may recover all costs which have been paid out of the funds deposited, from the other litigant or litigants who contested his right thereto.”
That part of the judgment which assesses the costs of this proceeding exactly conforms to the statutory provision above quoted.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.